Good morning, Your Honors. May it please the Court, my name is Justin Jensen. I'm here with the Plaintiff and Appellant Herbert Pearse. And if I could, I'll try to reserve about two minutes for rebuttal, but if I could just jump right in, I'd like to start with the discovery rule. I'm sorry? If I could just jump right in, I'd like to start with the first defrauded in 2007, that all of his claims are now time-barred. There are... Not at all, but all against MERS and First Horizon. And the documents that indicated that MERS was the beneficiary on the loan were recorded, were they not? Yes, I believe so. Yeah, they're in the record. And they were recorded when? I believe at the time the mortgage was formed, in 2007. Okay, at the time of the loan, too. And your client filed a lawsuit when? We allege his harms accrued in late 2015. Now, when did he file the lawsuit? The lawsuit, I believe, was January 2016, is that right? Okay, so you, and your contention with respect to First Horizon and MERS is that First Horizon never told you that MERS was going to be the beneficiary, right? I think our contention is that First Horizon held itself out as Mr. Pierce's lender, rather than unidentified... Okay, and in the loan documents, and it's quite clear that the First Financial can assign the note to anyone. Yes. That's a loan document your client signed in 2007. It is. And in the deed of trust, it's quite clear that MERS is the beneficiary. Well, in the deed of trust, MERS lists itself as the beneficiary, and it also lists itself as the nominee for First Horizon. Okay, and then there's later some assignment, at least on the record, from MERS to a subsequent person. Assignments, actually. And that's recorded also? Right. In what year? 2011. So, if there's a, how long is the statute of limitations? For the CPA, four years. For the other claims, three. So, as to all those events, you were on inquiry notice, your client, even if not actual notice, that they'd occurred more than four years before the statute of limitations, before you filed. So, as to those two defendants, I'm having a hard time seeing why the district court was wrong in concluding that your claims were time-barred. Sure. I think there are three reasons. First, I think it's, I don't think you can say that the instant he signed this mortgage, which he claims he was fraudulently induced to do, he was on inquiry notice that there was fraud and misdealing. Well, he says he was fraudulently induced to do it because he didn't know that they were going to assign it to somebody else later. I think the That's the claim against First Horizon. That you never told me you weren't a true lender. You just, you know, I wouldn't, it's a silly argument, but I'll take it at face value. I wouldn't have borrowed the money from you. I wouldn't have taken your money if I'd known that you were going to assign my note to somebody else. That is a big part of the argument. The promissory note that he signed says we may freely assign this to others. So I'm trying to figure out why it is that he wasn't on notice when he signed it that it could be assigned to others. I think he was on notice that it could be assigned to others, but I also think that First Horizon materially misrepresented its role in those proceedings at that time. Also, but Well, yes, at that time. That's the problem. That's your limitations problem.  But surely he knew when he signed, when they sent the notice of default in 2011, surely he knew, and he'd been trying to negotiate this lower interest rate over that time period, surely he knew by then that he had reason to believe, at least, that his efforts to get a lower interest rate had failed. There was no notice of default in 2011. I believe that wasn't filed until 2015. 2011 had the assignments for MERS, and there was a notice of intent to foreclose. Okay. I'm sorry. A notice of intent to foreclose. That's a distinction I do want to draw, because they They sent a notice of intent to foreclose in 2011. Right. And that, and he's been, and he's not paying. We all agree he's in default. Right. He's been trying to renegotiate the interest rate on the loan to conform to what he says was his original understanding. Right. Even though the note says fixed rate. So tell me why, when you get this notice of intent to default, you just don't, you don't have a reasonable inkling that, that maybe these guys aren't, don't believe the interest rate should be changed. First, he was again induced into that default by First Horizon. After spinning his wheels trying to get this modification, they told him the only way we can modify your rate is if you default on your loan. That was a major factor in him stopping the payments. It was First Horizon's own conduct. And these notices of intent to foreclose, you know, this is essentially a collections letter intended to cajole someone into paying. They never did actually foreclose. Often they send multiples of these letters. Let me turn to that. Since they never did actually foreclose, you don't have any wrongful foreclosure claims, correct? Not under the DTA, but the CPA. Okay, now let me, so as the CPA, you've given up all your claims against the trustee. Right. Okay, so the only possible defendant under the CPA is U.S. Banker. Who's the? BYNM. BYNM, sorry. We've had several of these cases this week. Bank of New York Mellon. Yes, Bank of New York Mellon and I believe NationStar as well is liable. Well, tell me what NationStar did to violate the CPA. Well, NationStar worked hand in glove with BNYM to perpetuate this alleged fraud. Well, all that NationStar was was the loan servicer. Right. Did your client make any payments to NationStar? I believe he did. I believe he did prior to stopping payment in 2011. So he made no payments to NationStar after 2011? I believe that's correct. So how did NationStar, the judge didn't rule on this basis, but how did, why aren't your claims against NationStar time-barred? Well, NationStar, for example, is the one who did send out that notice of default. When? We would argue in, I believe, 2015 on grounds that were fraudulent and was not authorized to do under the direction of. Well, that's not fraudulent. See, one of my problems with these cases is people use the word fraud as if it were, as if it, as if it described unauthorized under the law. Your client, your client was in default. He had not paid. They sent out a notice of foreclosure. They may not have been authorized to do so under the law. I want to get to that in a second. But that doesn't make the notice fraudulent. Our contention is that this was a conspiracy to commit fraud to basically run out the clock on his statute of limitations by dragging him through these mediations and then pulling him into this. So let's, let's turn to Bank of New York Mellon. You don't dispute that you've seen the note in this case? I do. I haven't seen the note. Well, it was produced. It's in the record. We have a certified copy in the record, yes. Okay. So what does that mean? It means it was recorded. I don't know who the holder in due course is. Okay. That's a separate issue. Okay. The note, you agree that there is a note because sometimes we have these cases and people come in and say, even though I signed it, I don't know. There is a note that's been judicially noticed in the record. There's a note. It's endorsed in blank. And BYNM had it. I don't believe that BYNM did have it. They produced it in this case. Well, they recorded, they produced a copy of a document they recorded. No, they also produced, in the beginning of the case, they asked the judge to take judicial notice of the note and produced the note in court. Did they not? My understanding is no. Well, this was dismissed before we got through any discovery. There were no oral arguments. No, I'm not asking whether there were oral arguments. They filed a request for judicial notice. And they appended to that request for judicial notice documents of record and the note. If the note was recorded, you've got even bigger problems. So I'm not sure you want it to be recorded. But didn't they actually produce the note to the judge? This is what the Western District judges have been doing. To avoid the show me the note stuff, they're saying to the borrower, bring me in the note. Didn't they bring in the note? I am not aware of that happening on the record. I am aware that they introduced a judicial notice. Are you aware of the request for judicial notice which the judge granted? Yes. And are you aware that among the documents in that request for judicial notice was the note? Yes. Okay. So your argument, and your argument as I understood it in your complaint, was that B. Mellon, Mellon was not the holder of the note because the Securitization Trust Agreement prevented it from becoming the holder, correct? Because the loan was void from inception and because the loan was not MERS to give away. Okay. And what was the second reason? And because MERS was not a proper beneficiary because it did not hold the note itself. It doesn't matter whether MERS was, was it, did it ever purport to be the beneficiary as opposed to the nominee of the beneficiary? Well, it purported to assign the note, which it didn't have. Assign it as a nominee for the holder of the note. The assignments just list MERS in its own capacity. Does it matter? Under Washington law, you agree that the holder of the note is the beneficiary? Yes. The note is a bearer bond because it's endorsed in blank. Agreed. And I didn't understand, you'd argue below, and the district judge didn't understand you'd argue below, that Mellon didn't actually have physical possession of the note. Your argument was you may have possession, but that doesn't, that's not good enough because of the trust agreement and because MERS, MERS could have never held it. Wasn't that your argument? Yes. I would argue that if they hold it, they were not holders in due course entitled to enforce it. All right. And the last thing, because your time is up, the other piece of your argument, as I understand it, is that the, because of the timing question, the trust agreement was, the security loan couldn't have gotten into the trust and therefore gets lost, goes in the sky or something, right? And as to that, I mean, I've been working with the California law and Ivanova and all that, but that's not the law in Washington. Is that right? Accurate. I do endorse the reasoning in Ivanova as sound, as well as Blaski. And it may be good reasoning, but you agree Washington lost to the contrary. Yes. I think we are more bound by Bain and by Frias. Okay. All right. Your time is up. I'll give you a minute to reply. So just, but before you sit down, just so I'm clear, so you're, you're, what's your damages from your CPA claim? At a bare minimum, the damages are the attorney's fees, the cost of this suit, the hassle and expense of having to spend years defending this. I recognize we can't get emotional damages. These need to be to business or property. But the court in Frias, I believe specifically said that these damages can be minimal, including for example, attorney's fees. Hiring an attorney to have to figure out what happened to your note, what the actual status of your loan is, was specifically allowed as meeting the damages element. Okay. Thank you. Okay. Thank you very much. Thank you. Good morning, your honors. May it please the court. Rebecca Schrader for First Horizon, MERS, Bank of New York and Nation Star. I'd just like to start by clarifying one thing for the record. MERS did not purport to assign the note in the assignments. It assigned its beneficial interest in the deed of trust. Correct. The assignments don't, don't mention it. So that mere assignment. Did it have a beneficial interest in the deed of trust? As I understand it under California law, I mean under Washington law, it can't have a beneficial interest in the deed of trust unless it is a note holder. Not necessarily. Bain allows for an agency relationship because if you look at the court. Oh, right. Okay. I understand that. But that doesn't give you an interest. It gives somebody else an interest and you're the agent. Right. So as I understand the kind of technical argument here, it's that MERS might have been a proper nominee on the deed of trust, but it didn't convey it that way. It conveyed it as if it was an owner. As if it was. As if it was the actual beneficiary, but it really, it couldn't have been. Well, beneficial. It's true that it couldn't have been, right? As nominee. Well, as nominee means it's not, as I understand what as nominee means, which is odd language, is essentially as agent for someone else. Yes. Someone else being the note holder. So let's assume that MERS itself never held the promissory note just for the moment because this record just doesn't allow us to, it's a motion to dismiss with some notice of a judicial notice of documents. Does that matter if the promissory note is in the hands of Mellon? As I read the Washington statutes, they say if you've got a bearer bond, something endorsed in blank and you got it, a physical possession of it, you are the holder of it. Yes. I'm not talking now about priorities of people who may have recorded before you with respect to the property. There doesn't seem to be any dispute in this case that Mellon holds the note. His argument is different. His argument is because MERS was never a proper holder. Mellon couldn't be one. Does that matter? Let's assume MERS never, that your first client, First Horizon, never gave the note to MERS. It just held it itself, endorsed in blank, and then later gave it to Mellon. Would that make any difference? No, it doesn't make any difference. And that's what I was getting at with clarifying that the assignment doesn't include any language about the note. It's simply MERS taking itself out of the chain of title. Assume the assignment was invalid. In other words, MERS didn't properly assign to Mellon whatever interest it had. Does it matter? Once Mellon becomes the holder of the note, under Washington law, it is the beneficiary, is it not? It is. And that doesn't matter. I mean, I've been trying to understand this because we had another case earlier in the week. Does that mean even if they ‑‑ suppose it was perfectly clear that MERS, qua beneficiary, representing itself as beneficiary, had in fact conveyed to somebody else entirely the beneficiary status under the deed of trust? In other words, I understand that you can't properly be both ‑‑ be the beneficiary of the deed of trust if you're not the note holder, but what if the conveyances make clear that they were in fact separated at some point? Does the note holder still get to be the beneficiary of the deed of trust even if the conveyances make clear that that wasn't what the parties were doing? Yes. The note holder is the beneficiary of the ‑‑ No matter what. No matter what. I mean, even if somebody had written ‑‑ the original beneficiary had written to me, here, I'm making you the beneficiary of the deed of trust and didn't give me the note, whoever has the note is still the beneficiary. Where is that in Washington law? Well, it's in the UCC Article 3, which was adopted verbatim under ‑‑ in the RCWs, it's 62A3. The RCW position says that the holder of the ‑‑ The security follows the note. Yes. So that there may be lawsuits about fraud and other stuff if what Judge Berzon described occurred, but the person holding the note is the beneficiary of the deed of trust and therefore has the power to appoint a trustee. And this is also explained in Brown v. Department of Commerce, which is a Washington Supreme Court case that came out, I think, 2016. So address, if you would, your colleague's argument about the securitization issue, that wholly apart from whether or not you were a holder, you couldn't be a holder, Mellon couldn't be a holder under its trust agreement with respect to securitization. Well, a couple of things about that. First of all, the actual argument that Mr. Pierce makes is he makes it in two ways, which are contrary to each other. He first argues that under the trust agreements, which are not part of the record, that this conveyance to Bank of New York, to the securitized trust, happened in 2011, which was outside of the allowable time frame. And that one the Washington courts have treated and said, that may well be, but that's for the parties to the trust to fight about. That's pretty clear under Washington courts. And most of the Ninth Circuit jurisdictions hold this way as well. So address the second part of the argument. Well, the second thing, the second argument he makes is that the note was sold into the trust at or around the time of origination, which gave rise to these alleged misrepresentations by First American or First Horizon and MERS at the time of origination. But I think that's a self-defeating argument, because if it was, if we take these facts as true, that it was sold into the trust at the time of origination, that was in August 2007. How would he know that? Well, he wouldn't. I mean, he refers to a forensic audit, but that's not part of the record. I'm saying, well, I'm worried now about the statute of limitations issue. So I understand how from the public record he would know of various things that we talked about. But the only public record about when the note went into the trust is the recorded assignment, correct? Well. I mean, the MERS assignment to Mellon is what gives notice to a reasonable person that Mellon might now be the holder. It doesn't establish it, but it gives some notice. Sure. Under the recording statute. Yeah. So I'm working backwards. Let's assume he's right. I don't read this in this complaint, but let's assume that's what the complaint says, that you lied to me, you transferred it to Mellon much earlier than the paper, than the recorded record says. How would he have known back in 2011 that that happened? In 2011? Yeah. That it was transferred into a trust? Right. Well. I know we have to take that as true if he alleged it. So tell me how he would have known it back then. Washington courts have held that MERS as the beneficiary on the deed of trust gives rise to at least inquiry notice that your loan is going to be part of a securitized trust or part of a pool. Does it matter? In other words, I'm having a hard time. Well, no. Because the only entity that has the right to enforce the note in the deed of trust is the holder. So this is why securitization cases are not considered viable in Washington. It's because holder status is what's required. And holder status is governed by the UCC and the RCWs. And the Deeds of Trust Act specifically requires that the trustee has proof that the entity trying to foreclose is the holder and the beneficiary of the deed of trust. So I understand the CPA claim against Mellon, the Consumer Protection Act claim against Mellon, is that you weren't the holder and therefore you didn't have the authority to appoint quality service as the trustee. I'm not proceeding against the trustee. I'm only proceeding against you. Is that the way you understand it? Yes. And if in fact they were the holder of the note, then that claim fails? Yes. What proof is there that PCNY or whatever we're calling it, was the holder of the note at the relevant time? At the, well, what we have. At the time of the notice of foreclosure. We're hearing a motion to dismiss, so tell us. Right. So what's in the record is we have, In other words, coming into the court now with a note doesn't prove that you were the holder of the note at the relevant time. Right. And what we argued is the note is endorsed in blank and Bank of New York Mellon held itself out as the holder. Held itself out now, but what I want to know is what evidence is there that at the relevant time it was the holder? Well, there's, so, the holder status was not in dispute in the lower court. If it were in dispute, we would have a fact issue, would we not? Yes. But because this was not in dispute, what was in dispute was Bank of New York Mellon's authority to foreclose based on the securitization or more appropriately, the alleged improper securitization of the loan. Judge. But he seems to be saying now that, to your response to that, which is, well, because it was the holder of the note, it doesn't matter what MERS was with regard to the, the beneficiary status. He says, well, how do we know it was the holder of the note? Well, this was, see, this was the reason for the 12B6 motion that his claims failed on the face of the allegations because he didn't allege it wasn't an holder. Correct. He alleged that it had no authority because this loan was improperly securitized. Judge Settle's order says, and I want to make sure this is accurate. He says, Mr. Pierce doesn't allege. I've seen the note and they produced it. He doesn't allege that they didn't have the note. He alleges that they didn't legally have it. And those are his theories, and I address those theories and reject them. Had Mr. Pierce alleged that, I don't know that you actually had the note, what would we do in a case like this? Because the Washington courts have sort of said, we don't require you to show the note. But let's assume his allegation had been, I know this stuff is all of record, but Bank of New York Mellon, you just didn't have the note when you authorized the trustee to notice a foreclosure sale. How would that create an issue of fact? Well, that's an issue. So if that were alleged in the lower court. Right. Judge Settle says it's not here, but I'm asking a different question. What if that were what he alleged? Would we have a fact issue? We would have a different record, for sure. Well, there's no record. It's a motion to dismiss. Right. Would we have to proceed beyond the motion to dismiss stage? Depending. Depending on what could be judicially noticed. That's what Judge Berzon was really asking. In other words, I understand that you can judicially notice that they now have the note. Here it is. But can you judicially notice that you had it at the relevant time? So the thing is, to establish that you are the holder of the note and the beneficiary of the deed of trust, under the Deeds of Trust Act, you have to provide that proof to the trustee. So the trustee has to know that they have the authority to act as trustee. And also under the Deed of Trust Act, as we know from Hummel, it would be an adequate proof of the note if the trustee, if the beneficiary or an agent of the beneficiary had made a declaration that in fact they had the note at the relevant time. But we don't have that. Right. It's not part of the circuit. We're not worried about that here because he's dismissed the trustee from the case. That only goes to the trust. That only goes to a claim. In other words, you can't make a CPA claim or a DTA claim against the trustee who's been presented with a certificate. That's what Washington law is. But we're not worried about the trustee here. The claim here is against the holder. Okay. In any event, your time is up. Thank you for being helpful. Sir, do you want to do a brief rebuttal? Briefly, Your Honors. First, I should note that as Judge Hurwitz notes, the self-serving declaration necessary to meet the low bar. Well, any declaration is self-serving. And any time a lawyer gets up and says that, I discount it entirely. Anybody who says this happened is serving themselves, hopefully, or else they wouldn't be saying it. My point is simply that when she says that's proof that they held the note, I would say that meets a very low bar. Did you allege in your complaint that they were not the physical holder of the note at the relevant time? I believe so, yes. Where? I can't find it, and Judge Settle couldn't find it. So I'll look at it again, but the district court was very clear in saying, you don't allege that. I mean, frankly, if you want to go back and try that issue, then you're going to be in real — you know, they're going to show up with a declaration that says we physically held the note on this day. But did you really allege that in your complaint? I read your complaint now at least four times, and it's these theories. They don't legally hold the note because of MERS, et cetera. You don't really allege that they didn't physically hold the note, do you? If that doesn't appear in the complaint, I can't readily direct you to where that is. Well, if you find it, let us know. If you find it, let us know. I'll definitely stop on that. All right. Thank you very much. Your time is up. All right. The case of Pierce v. First Horizon Home Loan Corp.
judges: Berzon, Hurwitz, Dearie